```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ALFRED HOLLAWAY,**

       Plaintiff,

v.                                    Civil Action No. 2:23-cv-00004

**WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, C.O. JOHN DOE(S) in
their individual capacity and official capacity
as correctional officers, and PRIMECARE
MEDICAL OF WV, INC., and JANE DOE PRIMECARE EMPLOYEE,**

       Defendants.

**WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, and SOUTHERN REGIONAL JAIL,**

       Third-Party Plaintiffs,

v.

**PRIMECARE MEDICAL OF WV, INC., and JOHN DOE(S)
OFFICERS OF THE MIDDLESEX COUNTY PROSECUTOR'S
OFFICER OF NEW JERSEY, in his individual capacity**

       Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss plaintiff's amended complaint, filed by defendant West Virginia Division of Corrections and Rehabilitation ("WVDOC") on April 17, 2023.  ECF 22.

I. Background

This matter arises from plaintiff's incarceration at Southern Regional Jail ("SRJ"), in Beaver, West Virginia. According to the amended complaint, on or about January 15, 2021, while incarcerated at SRJ, plaintiff was informed that he was being extradited to the State of New Jersey. ECF 20 at ¶ 21(A). He was then "rushed to gather his things which prompted a inflamed situation." Id. Plaintiff exchanged words with a correctional officer, who thereafter punched plaintiff in the face and tackled him. Id. Then, "approximately 10 other C.O.'s rushed into the unit." Id. During this incident, the correctional officers used their knees to pin plaintiff to the ground while he was handcuffed. Id. at ¶ 21(B). The handcuffs were placed on plaintiff's wrist so tightly that his wrist became dislocated. Id. While handcuffed, plaintiff "was punched repeatedly in the face and sprayed with mace while being on the ground and handcuffed." Id. As a result, plaintiff suffered a dislocated thumb and broken rib. Id. at ¶¶ 21(C)-(D).

Plaintiff was then dragged down the hallway by the correctional officers. Id. at ¶ 21(E). While being dragged his body hit multiple doorframes, and correctional officers used racial slurs and threatened to kill him. Id. A female

correctional officer also "pulled Plaintiff's underwear to the point that they ripped." Id. After being dragged down the hallway, plaintiff was thrown into a room where he suffered additional injuries due to a collision with a metal table and bench. Id. at ¶ 21(F).

At some point, a nurse entered the room and plaintiff tried to explain to her what had happened. Id. at ¶ 21(G). The nurse responded she "did not want to hear his shit" and that if he could talk, he was ok. Id. The nurse left the room without providing plaintiff medical care for his injuries. Id.

After this, plaintiff was transferred to the custody of officers from New Jersey. Id. at ¶ 21(H). While in the New Jersey officers' vehicle, plaintiff requested medical care. Id. The officers proceeded to take plaintiff to a hospital in Virginia where "[h]e was diagnosed with a dislocated thumb, a strained neck, fractured rib, and heavy bruising and contusions." Id. Later, plaintiff was also diagnosed with a dislocated wrist. Id. Once arriving at Middlesex Correctional Facility in New Jersey, plaintiff spent approximately two and a half months in the medical unit, recovering from the incident that occurred at SRJ. Id. at ¶ 21(I).

Plaintiff initiated this action on November 28, 2022, by filing suit in the Circuit Court of Kanawha County, West

3

Virginia.  On January 4, 2023, the WVDOC and SRJ filed a notice of removal claiming that because plaintiff had brought claims under 42 U.S.C. § 1983, this court had jurisdiction pursuant to 28 U.S.C. § 1331.[1]  ECF 1.

Attached to the notice of removal but not docketed by the Clerk until January 11, 2023, the WVDOC and SRJ filed a motion to dismiss, which was opposed by plaintiff.  See ECF 4; ECF 6.  On February 28, 2023, the WVDOC and SRJ filed a third-party complaint against PrimeCare Medical of WV, Inc., and John Doe(s) Officers of the Middlesex County Prosecutors Office of New Jersey.  See ECF 12.  To date, the docket shows that neither PrimeCare Medical of WV, Inc. nor the John Doe(s) Officers of the Middlesex County Prosecutors Office of New Jersey have been served with the third-party complaint.

Prior to the court ruling on the WVDOC and SRJ's motion to dismiss, plaintiff filed a motion for leave to amend his complaint, which the court granted on April 4, 2023.  SRJ was not named as a defendant in the amended complaint.[2]

---

[1] 28 USC § 1331 provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] In plaintiff's motion for leave to amend his complaint, plaintiff stated that amendment of the complaint was sought in part to "remove the Southern Regional Jail as a party in this matter."  ECF 17 at 2.  Prior to filing his motion for leave to

4

Plaintiff's amended complaint brings claims against the WVDOC, C.O. John Doe(s), PrimeCare Medical of WV, Inc., and Jane Doe PrimeCare Employee. The WVDOC then filed the motion to dismiss the amended complaint. See ECF 22. There is no indication on the docket that PrimeCare Medical, Inc. of WV, or any John Doe or Jane Doe defendant has at any time been served with process.

Plaintiff's amended complaint contains allegations similar to those alleged in plaintiff's original complaint. Like the original complaint, plaintiff's amended complaint is far from a model of clarity or organization and is replete with unsupported and conclusory factual allegations. Plaintiff's complaint is a "shotgun" pleading and his failure to comply with the general pleading requirements of Federal Rule of Civil Procedure 8(a), has made the court's task exceedingly difficult. See Knouse v. Primecare Medical of West Virginia, 333 F.Supp.3d 584, 592 (S.D. W.Va. 2018) ("A complaint that 'fails to articulate claims with sufficient clarity to allow the defendant[s] to frame a responsive pleading ... or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief'

---

amend his complaint, plaintiff, in his response to the WVDOC and SRJ's motion to dismiss the original complaint stated, "Plaintiff agrees...that SRJ is not an entity that can be sued." ECF 6 at 7.

5

constitutes a "shotgun pleading.") (quoting SunTrust Mortgage, Inc. v. First Residential Mortg. Servs. Corp., No. 3:12CV162, 2012 WL 7062086 at *7 (E.D. Va. Sept. 11, 2012)); see also United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Despite these pleading deficiencies, it appears to the court that plaintiff's causes of action are based on the alleged use of excessive force.

The amended complaint seeks to bring "constitutional violations...against Defendant C.O. John Does and Jane Doe PrimeCare Employee," and "claims under the statutes and common law of the State of West Virginia against all Defendants." ECF 20 at 1-2. In all, plaintiff's amended complaint contains 7 counts, which assert approximately 40 causes of action. Id. at ¶¶ 40-69.

Plaintiff's amended complaint is pled in such a way that makes it difficult to determine which causes of action are being brought against which defendant. Plaintiff asserts no constitutional violations are being brought against the WVDOC, but then alleges that WVDOC owed a duty to not subject "SRJ inmates" "to cruel and unusual punishment" (Id. at ¶ 19) and that the WVDOC was "deliberately indifferent to the safety of Plaintiff." Id. at ¶ 45. Plaintiff also claims "Defendants'...

6

unconstitutional actions" caused plaintiff to suffer a "deprivation of his Constitutional rights." Id. at ¶ 39. Finally, it appears plaintiff is seeking to impose liability on the WVDOC for the alleged constitutional violations of the C.O. John Doe(s) under "Respondeat Superior, Law of Agency" and civil conspiracy. Id. at ¶¶ 65, 69(B).

The motion to dismiss the amended complaint filed by the WVDOC seeks dismissal on several grounds including that it is not subject to suit, as it is not a "person" under 42 U.S.C. § 1983, and that it may not be held liable under a theory of respondeat superior for the alleged acts of the C.O. John Doe(s).

II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), abrogated by, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson, 551 U.S. at 94; see also South Carolina Dept. Of Health And Env't Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004).  The court must also "draw[] all reasonable factual inferences from those facts in the plaintiff's favor."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Analysis

#### A. WVDOC is not a "person" under § 1983

While § 1983 confers no substantive rights, it does provide an avenue for persons to seek redress for violations of an underlying provision of federal law, and states in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. To state a claim based on § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). States, state agencies, and state officials sued in their official capacity, are not "persons" for the purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

In this instance, the WVDOC asserts that because it is not a "person" under § 1983, it may not be sued for alleged

9

constitutional violations brought pursuant to this section. See ECF 23 at 8. Plaintiff does not address the merits of the WVDOC's argument, but instead claims it is not seeking to hold the WVDOC liable under § 1983. ECF 25 at 7, 13-14.

It is well established in this district that the WVDOC is not a "person" under § 1983. The WVDOC is "an arm of the State West Virginia and is not a proper defendant to a § 1983 claim." Rakes v. Rush, No. 2:09-018, 2009 WL 2392097 at *7 (S.D. W.Va. Aug. 4, 2009) (internal citation omitted); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D. W.Va. 2009); Dorsey v. Bolen, No. 2:21-cv-00222, 2021 WL 4993950 (S.D. W.Va. Oct. 27, 2021); Rauch v. West Virginia Div. of Corr., No. 2:13-0468, 2014 WL 3732123 (S.D. W.Va. July 25, 2014).[3] To the extent plaintiff is seeking to hold the WVDOC liable under § 1983, all such claims are hereby ORDERED DISMISSED.

    B.   WVDOC may not be held liable under a theory of respondeat superior

The WVDOC next seeks dismissal of the claims seeking to hold it liable under a theory of respondeat superior for the alleged unconstitutional acts of C.O. John Doe(s). ECF 23 at 8-

---

[3] Plaintiff alleges in his amended complaint that the WVDOC is a "duly constituted state governmental agency." ECF 20 at ¶ 2.

11. In paragraph 69(b) of Count VII of the amended complaint, plaintiff asserts a claim against the WVDOC for "Respondent Superior, Law of Agency." ECF 20 at ¶ 69(b).

There is no <u>respondeat superior</u> liability for state agencies based on claims against its officers under § 1983. <u>Monell v. Dep't. of Social Services of City of New York</u>, 436 U.S. 658, 691 (1978); <u>see also</u> Dorsey, No. 2:21-cv-00222, 2021 WL 4993950 (S.D. W.Va. Oct. 27, 2021); <u>Northcraft v. West Virginia Div. of Corr. and Rehab.</u>, No. 2:20-cv-00100, 2021 WL 2366936 (S.D. W.Va. June 9, 2021). Inasmuch as Plaintiff is seeking to hold the WVDOC liable for the alleged unconstitutional acts of the C.O. John Doe(s), such claims are improperly brought against the WVDOC, and the court orders that such claims be, and hereby are, DISMISSED.

> C. Plaintiff fails to state a claim for supervisory liability against the WVDOC

WVDOC also seeks dismissal of plaintiff's claims undertaking to impose supervisory liability on the WVDOC. ECF 23 at 9-11. Supervisory liability under § 1983 is based on "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir. 1994)

(quoting Slakan v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984)). Liability is determined "by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked." Id. (quoting Slakan, 737 F.2d at 376). As already determined the WVDOC is not a proper defendant in a suit brought pursuant to § 1983. Inasmuch as plaintiff seeks to hold the WVDOC liable for supervisory liability under § 1983, such claims be, and hereby are, DISMISSED.

### D. Plaintiff's civil conspiracy claim

Finally, in Count VI, plaintiff seeks to hold the WVDOC, along with the other defendants, liable for a civil conspiracy based on "willful, conspiratory [sic]" conduct "intended to deny Plaintiff certain rights guaranteed by the Constitution[] of the United States...." ECF 20 at ¶ 65. While plaintiff fails to identify a federal constitutional or federal statutory basis for this allegation, the court construes this claim as being brought as a conspiracy claim under § 1983. Because the WVDOC is not a "person" pursuant to § 1983, it may not be held liable under this provision. Inasmuch as plaintiff seeks to hold the WVDOC liable in Count VI for a civil conspiracy based on alleged violations of the United States

Constitution and federal statues, such claims against WVDOC be, and hereby are, DISMISSED.

### E. Federal subject matter jurisdiction

Due to the court's disposition of the § 1983 claims brought against the WVDOC, the court must determine whether it continues to have subject matter jurisdiction over this matter. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008) (lack of subject matter jurisdiction may be raised by the district court sua sponte); Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court."); Gros Ventre Tribe v. United States, 469 F.3d 801, 815 (9th Cir. 2009) ("A court has an obligation to consider its jurisdiction at every stage of the proceedings."). In its notice of removal, the WVDOC argued that because plaintiff was pursuing claims against the defendants pursuant to § 1983, this court had jurisdiction under 28 U.S.C. § 1331.[4]  ECF 1 at ¶ 7.

---

[4] In plaintiff's memorandum in opposition to defendant's original motion to dismiss (ECF 6) and in his memorandum in opposition to the defendant's motion to dismiss the amended complaint (ECF 25), plaintiff "requests" that the court remand this action, as no constitutional claims are being brought against the WVDOC.

With the dismissal of the § 1983 claims against the WVDOC and the omission of SRJ in the amended complaint, the causes of action remaining are the constitutional and state law claims against the C.O. John Doe(s) and Jane Doe PrimeCare employee, and the state law claims being brought against the WVDOC and PrimeCare Medical of WV, Inc, as well as the WVDOC's third-party complaint.

There is no indication on the docket that the C.O. John Doe(s) or Jane Doe have been identified or that any party other than WVDOC and SRJ has been served with process or appeared. Consequently, the claims being brought, other than those against WVDOC and SRJ, are not before the court. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); Castillo v. Vance, No. 2:16-02593, 2016 WL 4083445 (S.D. W.Va. Aug. 1, 2016) (remanding case when federal claims against the WVDOC and West Virginia

---

See ECF 6 at 5-7; ECF 25 at 7-8. Inasmuch as plaintiff has failed to comply with LR Civ. P. 7.1(a)(2) by failing to file a motion and an accompanying memorandum in support of his "request" for remand, the court declines to construe plaintiff's "request" in his memoranda as a motion to remand. The court notes that, in its reply the WVDOC provided argument in opposition to the "request" for remand. See ECF 26 at 3-6.

Regional Jail Authority were dismissed and the only remaining federal claims were asserted against defendants who had not been served and had not made an appearance). Therefore, the only claims remaining before the court are the state law claims against WVDOC and its third-party complaint.

When a district court has original jurisdiction over an action, the court shall have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim...if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

While there is no pending motion to remand, district courts may enter at any time a sua sponte order to remand based on its lack of subject matter jurisdiction. Ellenburg, 519 F.3d at 196. With there being no remaining federal issues for the court's consideration, the court declines to exercise supplemental jurisdiction over the state law claims being brought against the WVDOC.

15

Accordingly, the court orders as follows:

1.  Southern Regional Jail is dismissed.

2.  The West Virginia Division of Corrections and Rehabilitation's motion to dismiss the amended complaint (ECF 22) is GRANTED to the extent that all federal constitutional claims brought by plaintiff Alfred Hollaway against the West Virginia Division of Corrections and Rehabilitation are dismissed.

3.  The West Virginia Division of Corrections and Rehabilitation's initial motion to dismiss (ECF 4), is DENIED as MOOT.

4.  This action is REMANDED to the Circuit Court of Kanawha County, West Virginia.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 15, 2023

John T. Copenhaver, Jr.
Senior United States District Judge